IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | PLAINTIFF |
| | § | |
| v. | § Civil Action No. 1:09cv359HSO-JMR | |
| | § | |
| $83,500.00 IN UNITED STATES CURRENCY | § | DEFENDANTS |
| | § | |

## MEMORANDUM OPINION AND ORDER DENYING CLAIMANT'S MOTION TO DISMISS COMPLAINT

BEFORE THE COURT is Claimant Jason Alfred Green's ["Claimant"] Motion to Dismiss filed August 20, 2009 [9-1], in the above captioned cause. Plaintiff, the United States of America ["Government"], filed a Response to the Motion on September 2, 2009 [11-1]. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Claimant's Motion to Dismiss should be denied.

### I. FACTS AND PROCEDURAL BACKGROUND

On October 6, 2008, a Harrison County Sheriff's Deputy stopped Claimant on Interstate I-10 in Harrison County, Mississippi. During the course of the traffic stop, the deputy discovered $83,500.00 in United States currency in Claimant's vehicle. The Drug Enforcement Administration ["DEA"] later seized these funds. The DEA initiated an administrative forfeiture proceeding, which resulted in the filing of a claim, thereby necessitating judicial resolution of the forfeiture.

On June 12, 2009, the Government filed a Verified Complaint for Forfeiture in this Court, seeking forfeiture of the $83,500.00 in currency under 28 U.S.C. § 1355(a)

[1-1]. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345.[1]

## II. DISCUSSION

A.  Claimant's Motion to Dismiss

Claimant moves to dismiss the Complaint under FED. R. CIV. P. 12(b)(6) on the grounds that it is legally insufficient, inasmuch as "the Government has not established the requisite probable cause to sustain its forfeiture proceeding." Def.'s Mot. at p. 4.  Specifically, Claimant argues that the Government has "failed to satisfy its initial burden of establishing probable cause for the belief that a substantial connection exists between the defendant property and illegal drug dealing." *Id.* at p. 7.

The Government contends that the funds are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as they constitute:

> 1) money ... furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and 3) money ... used and intended to be used to facilitate violation of the Controlled Substances Act.

Compl. ¶ 6 at p.3.

B.  Legal Analysis

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65

---

[1] 28 U.S.C. § 1345 states in part: "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States ... ."

(2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id. (quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(overruled on other grounds)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009) (*quoting Twombly*, 550 U.S. at 556-57, 570).

Pursuant to Rule G(8)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant may move to dismiss this action under Rule 12(b). The sufficiency of the Complaint is governed by Supplemental Rule G(2). *See* Rule G(8)(b)(ii) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Supplemental Rule G(2)(f) requires that a complaint state sufficiently detailed facts to support a reasonable belief that the Government will be able to meets its burden of proof at trial. *See* Supp. R. G(2)(f).

Applying the foregoing standard to the record here, Claimant's arguments here attack the merits of the Government's claims, rather than their sufficiency, and are therefore not relevant to the failure to state a claim analysis. The pertinent question is whether a plaintiff has properly and sufficiently alleged the claims asserted. The Court concludes that the Government has satisfactorily pled its claims pursuant to Rule 12(b)(6) and Supplemental Rule G; therefore, Claimant's Motion to Dismiss will be denied.

### III. CONCLUSION

Upon review of the submissions of the parties, the record as a whole, and the relevant law, the Court is of the opinion that Claimant has not met his burden of demonstrating that Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Court, therefore, must deny Claimant's Motion to Dismiss.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Claimant's Motion to Dismiss filed in the above captioned cause on August 20, 2009 [9-1], should be, and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 20th day of November, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE